Electronically FILED by Superior Court of California, County of Los Angeles on 06/03/2020 11:18 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV20868

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Kristin Escalante

LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
Everardo Vargas Valencia, Esq., SBN 131412
601 South Brand Boulevard – Suite 200
San Fernando, California 91340
Telephone:    (818) 361-6662
Facsimile:    (818) 361-8046
Email: attorney@laweverardovalencia.com

Attorney for Plaintiff, D█████ G█████, A MINOR, THROUGH MARIA FAJARDO, his GUARDIAN AD LITEM and MARIA FAJARDO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| D█████ G█████, A MINOR, THROUGH MARIA FAJARDO, his GUARDIAN AD LITEM and MARIA FAJARDO<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPTARTEMENT OF HEALTH AND HUMAN SERVICES; NORTHEAST VALLEY HEALTH CORPORATION; CHILDRENS HOSPITAL LOS ANGELES; PROVIDENCE HOLY CROSS MEDICAL CENTER; DR. MENDEZ, M.D.; MARY ELLEN WAKIM, M.D.; JOCELYN SINGH, N.P.; and DOES 1 to 100.<br><br>Defendants. | Case No.:  20STCV20868<br><br>Complaint Filed:<br><br>**COMPLIANT FOR DAMAGES**<br><br>1. Medical Negligence (failure to timely diagnose)<br>2. Negligence<br>3. Negligent Infliction of Emotional Distress (as to Maria Fajardo) |

COMES NOW PLAINTIFFS D█████ G█████, A MINOR, THROUGH MARIA FAJARDO, his GUARDIAN AD LITEM and MARIA FAJARDO, WHO ALLEGE AGAINST ALL DEFENDANTS, U.S. DEPTARTEMENT OF HEALTH AND HUMAN SERVICES; NORTHEAST VALLEY HEALTH CORPORATION; CHILDRENS HOSPITAL LOS ANGELES; PROVIDENCE HOLY CROSS MEDICAL CENTER; DR. MENDEZ, M.D.; MARY ELLEN WAKIM, M.D.; JOCELYN SINGH, N.P., and DOES 1 to 100 AS FOLLOWS:

## THE PARTIES

1. Plaintiffs D▮▮ G▮▮, A MINOR, THROUGH MARIA FAJARDO, his GUARDIAN AD LITEM and MARIA FAJARDO ("Plaintiffs") are, and at all times herein were, individuals residing in the County of Los Angeles, State of California.

2. Defendant, DEPARTMENT OF HEALTH AND HUMAN SERVICES, at all times herein mentioned Governmental Agency responsible for overseeing medical facilities in the County of Los Angeles, State of California.

3. Defendant, PROVIDENCE HOLY CROSS MEDICAL CENTER at all times herein mentioned was, a medical provider company doing business in the State of California. Plaintiffs are informed and believe that Providence Holy Cross Medical Center is and was a corporation doing business as Providence Holy Cross Medical Center, in the County of Los Angeles, State of California. Plaintiffs are informed and believe, that Providence Holy Cross Medical Center also operates as a separate business entity of unknown form, a medical provider company, which was and is doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes that Providence Holy Cross Medical Center is located at 15031 Rinaldi St. Mission Hills, CA 91345-1207.

4. Plaintiff is further informed and believes that Defendant MARC MENDEZ, M.D., is an individual residing and a medical physician that was licensed by the medical board, in the State of California, and acting as an agent on behalf of PROVIDENCE HOLY CROSS MEDICAL CENTER.

5. Defendant CHILDERNS HOSPITAL LOS ANGELES, at all times herein mentioned was, a medical provider company doing business in the State of California. Plaintiffs are informed and believe that CHILDERNS HOSPITAL LOS ANGELES is and was a corporation doing business as CHILDERNS HOSPITAL LOS ANGELES, in the County of Los Angeles, State of California. Plaintiffs are informed and believe, that CHILDERNS HOSPITAL LOS ANGELES also operates as a separate business entity of unknown form, a medical provider company, which was and is doing business in the County of Los Angeles, State of California. Plaintiff is informed and believes that CHILDERNS HOSPITAL LOS ANGELES is located at

Pg. - 1 -
**COMPLIANT FOR DAMAGES**

EXHIBIT 1    4

4650 Sunset Blvd., in the County of Los Angeles, State of California.

6. Plaintiff is further informed and believes that Defendant MARY ELLEN WAKIM, M.D., is an individual residing and a medical physician that was licensed by the medical board, in the State of California, and acting as an agent on behalf of NORTHEAST VALLEY HEALTH CORPORATION.

7. 5. Plaintiff is further informed and believes that Defendant JOCELYN SINGH, N.P., is an individual residing and a nurse practitioner that was licensed by California Board of Registered Nursing board and acting as an agent on behalf of NORTHEAST VALLEY HEALTH CORPORATION.

8. Plaintiffs are ignorant of the true names and capacities of Defendants sued as DOES 1 to 100, inclusive, and therefore sues these Defendants by such fictitious names.

9. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and allege that each of the fictitiously named Defendants is responsible for the alleged occurrences and injuries to Plaintiffs.

10. Plaintiffs are informed, believe, and allege that, at all times herein mentioned, Defendants, and each of them, were the agents or employees of each of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and/or employment and with the permission and consent of his/her co-Defendants.

11. Defendants NORTHEAST VALLEY HEALTH CORPORATION, CHILDRENS HOSPITAL LOS ANGELES, PROVIDENCE HOLY CROSS MEDICAL CENTER, DR. MENDEZ, M.D., MARY ELLEN WAKIM, M.D., JOCELYN SINGH, N.P. and DOES 1 to 100, and each of them, include physicians, surgeons, specialists, nurse practitioners, nurses, holding themselves out as duly licensed to practice in their respective professions under and by virtue the laws of the State of California, and were and are now engaged in the practice of their respective professions in the State of California.

12. Northeast Valley Health Corporation is a U.S. Governmentally funded medical clinic and is subject to the Federal Tort Claims Act.

13. At all times herein mentioned, DOES 1 to 100, and each of them include and were

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

1 and are now registered nurses, licenses vocational nurses, nurse practitioners, registered
2 technicians, or other paramedic or medical personnel, holding themselves out as duly licensed to
3 practice their respective professions under and by virtue of the laws of the State of California, and
4 were and are now engaged in the practice of their respective professions in the State of California.

5     14.    At all times herein mentioned, DOES 1 to 100 inclusive and each of them, were
6 duly organized organizations, partnerships, or sole proprietorships, existing under and by virtue of
7 the laws of the State of California, and were and are now engaged in the practice of their
8 respective businesses in the State of California.

9     15.    Plaintiffs are informed and believe and based thereon allege that Defendant
10 PROVIDENCE HOLY CROSS MEDICAL CENTER, Defendant MARY ELLEN WAKIM,
11 M.D. and Defendant PROVIDENCE HOLY CROSS MEDICAL CENTER and DOES 1 to 100,
12 ("Defendants") inclusive, and each of them, owned, or operated, or managed, or directed and
13 controlled a medical facility within the County of Los Angeles, State of California, and held out
14 to the general public and to Plaintiffs herein that said medical facility was properly equipped,
15 competently staffed with qualified and prudent personnel, and was duly licensed to practice their
16 respective professions under and by, operating in compliance within the standard of due care
17 maintained in other properly equipped and competently staffed medical facilities in said
18 community, providing medical care to the general public and to Plaintiffs herein.

19     16.    Plaintiffs are informed and believe and based thereon allege that Defendants
20 PROVIDENCE HOLY CROSS MEDICAL CENTER, Defendant MARY ELLEN WAKIM,
21 M.D.. and Defendant CHILDERNS HOSPITAL LOS ANGELES and DOES 1 to 100, inclusive
22 and each of them, administered, governed, controlled, managed and directed, all the necessary
23 functions and activities of said medical facilities, including its nursing care, physicians, and
24 surgeons, medical staff, x-ray, and emergency room departments, including but not limited to, the
25 personnel, and staff of said specialized departments, clinical laboratories, physical therapy
26 facilities and the technicians necessary to the operations of said medical facility, at
27 PROVIDENCE HOLY CROSS MEDICAL CENTER.

28     17.    Defendants DR. MENDEZ, M.D., MARY ELLEN WAKIM, M.D., JOCELYN

*Everardo Vargas Valencia, Esq.*
*601 South Brand Blvd., Suite 200*
*San Fernando, CA 91340*

Pg. - 3 -
**COMPLIANT FOR DAMAGES**

1 SINGH, N.P., and DOES 1 to 100, in their individual respective capacity and/or through their
2 respective agents, held themselves out to the general public and to Plaintiffs herein as qualified
3 physicians, surgeons, and/or nurse practitioners duly licensed to practice medicine in the State of
4 California, and further held themselves as being skillful, cautious and diligent in the practice of
5 medicine according to the standard of care of a physician in said medical profession and
6 community.

7     18.     At all times herein mentioned, the Defendants and each of them, were the agents,
8 servants, employees and joint venturers of each other, and of their said co-Defendants, and were
9 acting within the purpose and scope of their employment, agency or joint venture.

10     19.     At the time of the filing of this complaint, a period of more than three (3) year has
11 not elapsed since Plaintiffs first learned or had a reasonable opportunity to learn of the fact that
12 the injuries and damages suffered and complained of herein were a proximate result of the
13 negligent acts, and/or omissions to act, on the part of the Defendants and each of them. Further,
14 prior to the filing of this instant Complaint, the Defendants and each of them, knew or should
15 have known of their own negligence, and the relationship between their negligence and the
16 Plaintiffs' injuries, and failed, negligently, or intentionally to disclose those facts and
17 circumstances to the Plaintiffs prior to the Plaintiffs having a reasonable opportunity to learn of
18 said negligent conduct and acts. Plaintiffs and each of them requested medical records from said
19 medical facilities but said records were not produced.

20     20.     Plaintiff D▮▮▮▮ G▮▮▮▮ was accepted as a patient by Defendant MARY
21 ELLEN WAKIM, M.D., Jocelyn Singh, N.P., Defendant PROVIDENCE HOLY CROSS
22 MEDICAL CENTER, and DOES 1 to 100, and each of them. Defendants undertook the
23 management, care, techniques, and all things necessary to effect the diagnosis, detection,
24 operation, treatment, healing, and recuperation of Plaintiff D▮▮▮▮ G▮▮▮▮, regarding Plaintiff
25 D▮▮▮▮ G▮▮▮▮'s medical complaints.

26     21.     Plaintiff, D▮▮▮▮ G▮▮▮▮, made multiple visits to said Defendants with
27 complaints of body aches, including but not limited to, joint pain, right ankle pain, bilateral
28 shoulder pain, left wrist pain and fevers. These symptoms were misdiagnosed by Defendants.

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

22. Defendant NORTHEAST VALLEY HEALTH CORPORATION, MARY ELLEN WAKIM, M.D., JOYCE SINGH, N.P., and DOES 1 to 100, and each of them, failed to properly evaluate and diagnose Plaintiff D███ G███'s medical condition, acute lymphoblastic leukemia, in Plaintiff D███ G███'s. The aforementioned Defendants failed to exercise due care of the type common in the area of medicine within their respective professions in diagnosing said medical condition. Plaintiffs sustained general and special damages according to proof.

23. Defendant PROVIDENCE HOLY CROSS MEDICAL CENTER, MARC MENDEZ, M.D., and DOES 1 to 100, and each of them, failed to properly evaluate and diagnose Plaintiff D███ G███'s medical condition, acute lymphoblastic leukemia, in Plaintiff D███ G███'s. The aforementioned Defendants failed to exercise due care of the type common in the area of medicine within their respective professions in diagnosing said medical condition. Plaintiffs sustained general and special damages according to proof.

24. Defendant CHILDRENS HOSPITAL LOS ANGELES, and DOES 1 to 100, and each of them, failed to properly evaluate and diagnose Plaintiff D███ G███'s medical condition, acute lymphoblastic leukemia, in Plaintiff D███ G███'s. The aforementioned Defendants failed to exercise due care of the type common in the area of medicine within their respective professions in diagnosing said medical condition. Plaintiffs sustained general and special damages according to proof.

## VENUE AND JURISDICTION

25. Venue is proper under Code of Civil Procedure § 395, in that Plaintiffs injuries were incurred within this jurisdiction, and the actions that give rise to Plaintiffs complaint arose within this jurisdiction, Los Angeles County, and all of the Defendants and/or their principal place of business are within Los Angeles County, State of California, at all relevant times herein. The amount in controversy in this matter exceeds the sum of $25,000.00 exclusive of interest and costs.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Pursuant to 28 U.S.C. § 2401(b), the standard government's Standard Form 95 was

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

1 applied by sending out said form on June 3, 2019. Said notice was sent to the Department of
2 Justice.
3     27. On August 21, 2019, the Department of Justice informed this office that since the
4 alleged tort involved a Community Health Center, within U.S. Department of Health and Human
5 Services (HHS), that the claim was forwarded to that agency.
6     28. On April 17, 2019, this office followed up with HHS on the status of their review.
7 HHS responded that the claim is still under review.

## ALLEGATIONS OF FACTS

10     29. On or about March 2018, Plaintiff D___ G___, went in for a medical
11 evaluation by Defendant DR. MENDEZ, M.D. at PROVIDENCE HOLY CROSS MEDICAL
12 CENTER, for complaints of body aches, including but not limited to, joint pain, right ankle pain,
13 bilateral shoulder pain, left wrist pain and fevers.
14     30. Plaintiff D___ G___ informed Defendant DR. MENDEZ, M.D. that he was
15 experiencing body aches, including but not limited to, joint pain, right ankle pain, bilateral
16 shoulder pain, left wrist pain and fevers. Defendant DR. MENDEZ, M.D. including said
17 Defendants, misdiagnosed D___ G___'s symptoms as childhood rheumatoid arthritis, when
18 in fact it was acute lymphoblastic leukemia.
19     31. Shortly thereafter, D___ was sent to Northeast Valley Health Corp., where his
20 regular medical professional can follow up on D___'s symptoms.
21     32. Jocelyn Singh, N.P. examined D___ and concluded that he was suffering from RA
22 and prescribed pain medication and a course of treatment for his RA.
23     33. The symptoms did not subside. Then Dr. Wakin intervened and sent D___ for x-
24 rays of his leg. Dr. Watkins determined that D___ was suffering from childhood rheumatoid
25 arthritis and referred Diego to Providence Holy Cross for treatment of said condition.
26     34. Approximately 4 months into treatment for childhood rheumatoid arthritis,
27 Defendant, Providence Holy Cross, referred D___ G___ to Children's Hospital for treatment for
28 childhood rheumatoid arthritis.

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

Pg. - 6 -
COMPLIANT FOR DAMAGES

EXHIBIT 1          9

35. Children's Hospital also failed to timely diagnose Plaintiff's leukemia. Instead they proceeded to treat him for childhood rheumatoid arthritis.

36. It was not until November of 2018 that Plaintiff was finally correctly diagnosed with childhood acute lymphoblastic leukemia.

37. The Defendants failed to evaluate, diagnose, investigate, and determine, the true medical condition of Plaintiff and the presence of the leukemia in Plaintiff D█████ G█████'s body and mind.

38. The aforementioned Defendants failed to exercise due care of the type common in the area of medicine within their respective professions. Plaintiffs sustained general and special damages according to proof. Upon discovering that Plaintiff D█████ G█████, would need to have surgery and a battery of treatment, as a result of Defendants negligence in failing to detect, and investigate Plaintiff D█████ G█████'s medical condition.

//
//

### FIRST CAUSE OF ACTION
### (BY PLAINTIFF DIEGO GARCIA FOR MEDICAL NEGLIGENCE AS AGAINST ALL DEFENDANTS AND DOES 1 TO 100 ("DEFENDANTS")

39. Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

40. Throughout the course of diagnosis, observation, treatment, and care of Plaintiff D█████ G█████, Defendant MARY ELLEN WAKIM, M.D., DR. MENDEZ, M.D., JOYCELYN SINGH, N.P., and the aforementioned Defendants, negligently diagnosed, cared and treated Plaintiff D█████ G█████, as alleged herein, and incorporated herein by reference, resulting in delayed treatment of Plaintiff's leukemia, resulting in further damage to Plaintiff D█████ G█████'s emotional and physical well-being, and need for more intense treatment. Due to Defendants' failure to timely and properly diagnose, care, treat and evaluate, Plaintiff D█████ G█████'s medical conditions, to detect and early treatment of Plaintiff's leukemia, the aforementioned Defendants breached the applicable standard of care and failed to use the level of

Pg. - 7 -
**COMPLIANT FOR DAMAGES**

EXHIBIT 1                    10

1  skill, knowledge, and care in diagnosis and treatment that a reasonably careful medical
2  practitioner and specialist, would use in the same or similar circumstances.
3       41.     As a result of Defendants' said conduct and omissions, Defendants' conduct fell
4  short of the standard of care of a professional medical practitioner and specialist, when
5  Defendants' failed to treat Plaintiff D___ G___, according to the medical standards of care
6  within the community Defendants and each of them, failed to properly diagnose and treat Plaintiff
7  D___ G___'s, aforementioned medical conditions, and withheld important information
8  concerning Plaintiff D___ G___'s medical condition, causing severe damage to Plaintiff
9  D___ G___'s body and mind as alleged herein. Defendants and each of them, were
10 negligent, in failing to properly and timely evaluate, diagnose and treat Plaintiff D___
11 G___. Defendants failed to disclose the risk of further damage and harm to Plaintiff D___
12 G___'s body and mind, as a result of failing to properly and timely, detect and remove, and
13 care for any cell growths that would be cancerous, resulting in loss to Plaintiff D___ G___'s
14 and further damage to his mind and body.
15      42.     As a result of, Defendants and each of their, negligent and careless conduct and
16 omissions, when Plaintiff D___ G___ was in the care of Defendants, during all relevant
17 times mentioned herein, as alleged herein above, without due care for the concern for safety and
18 health of Plaintiff D___ G___, as a proximate result of the negligence of Defendants and
19 each of them, Plaintiff D___ G___ was hurt and injured in his health, strength, and activity,
20 shock and nervous system, all of which caused Plaintiff D___ G___ great mental, physical
21 and nervous pain and suffering. The amount of general damages is unknown at present but is
22 subject to proof at trial.
23      43.     Defendants, and each of them, were required to employ physicians and surgeons to
24 examine, operate, treat and care for Plaintiff D___ G___, and Plaintiff D___ G___
25 did incur medical and incidental expenses as a result of Defendants negligence. Plaintiffs will
26 offer proof of costs and expenses, including loss of income, the exact amount of which is
27 unknown and will be provided at the time of trial. Plaintiffs have suffered damages in excess of
28 the jurisdictional requirements of this court, in an amount to be proven at the time of trial.

*Everardo Vargas Valencia, Esq.*
*601 South Brand Blvd., Suite 200*
*San Fernando, CA 91340*

44. As a further proximate result of the representation of Defendants, and each of them, that Plaintiff D___ G___ had "acute lymphoblastic leukemia", Plaintiff D___ G___, sustained injuries to his health, strength, and activity, all of which have caused, and continue to cause Plaintiff D___ G___ great mental, physical and nervous pain and suffering. Plaintiffs will seek leave of Court to amend this Complaint, to set forth the full amount of damage according to proof.

45. As a further proximate result of the representation of Defendants and each of them, Plaintiffs sustained and will continue to sustain, disabling serious and permanent physical injuries, all to Plaintiffs general damages in an amount presently unascertainable. Plaintiffs will seek leave of Court to amend this Complaint, to set forth the full amount of damage sustained because treatment is still ongoing.

46. As a further proximate result of the representation of Defendants, and each of them, Plaintiff D___ G___, has incurred medical, hospital and related expenses in a sum presently unascertainable as treatment is still ongoing. Plaintiffs will seek leave of Court to amend this Complaint to set forth the full amount of damages when ascertained. As a further proximate result of the representations of Defendants, and each of them, Plaintiff D___ G___, Plaintiff will in the future incur medical, hospital, and related expenses, the exact nature and extent of which are currently unknown to Plaintiffs.

**SECOND CAUSE OF ACTION**
**(BY PLAINTIFF NEGLIGENCE)**
**(AGAINST CHILDREN'S AND DOES 1 TO 100 ("DEFENDANTS"))**

47. Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

48. Plaintiff D___ G___ was informed by Defendants JOCELYN SINGH, N.P., MARY ELLEN WAKIM, M.D. and DR. MENDEZ, M.D. that Plaintiff had childhood rheumatoid arthritis. However, said Defendant, and each of them, failure to properly and timely diagnose Plaintiff D___ G___'s true medical condition, of acute lymphoblastic leukemia, in

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

Pg. - 9 -
**COMPLIANT FOR DAMAGES**

EXHIBIT 1    12

1  Plaintiff D█████ G██████'s body. Said negligence of Defendants, caused severe physical and
2  emotional harm to Plaintiff D█████ G██████, and will require further corrective measures and
3  treatment to affected areas.
4      49.    Defendants DR. MARC MENDEZ, M.D., MARY ELLEN WAKIM, M.D., and
5  Children's Hospital Los Angeles, failed to timely and properly diagnose and initiate treatment
6  that the urgency of the circumstances called for, of Plaintiff D█████ G██████, to perform a
7  medical evaluation and procedure that failed to meet the standard of care or extensive to detect
8  acute lymphoblastic leukemia in Plaintiff D█████ G██████'s. Defendant MARY ELLEN
9  WAKIM, M.D. instead performed a basic evaluation of Plaintiff D█████ G██████, and informed
10 Plaintiff D█████ G██████ that he will need treatment for childhood rheumatoid arthritis, without
11 complying with the applicable standard of care in the medical community to further investigate,
12 evaluate, and detect, medical conditions as to Plaintiff D█████ G██████s, cancerous
13 growths/tumors in his body.
14     50.    A competent physician, applying the medical standards in the medical community
15 should have discovered the acute lymphoblastic leukemia and not mistook the symptoms and the
16 data gathered during the early diagnosis stage as childhood rheumatoid arthritis.
17     51.    Plaintiff D█████ G██████ was harmed as a result of Defendant's failure to timely
18 diagnose.
19     52.    As a further proximate result of the representation of Defendants, and each of
20 them, that Plaintiff D█████ G██████ had childhood rheumatoid arthritis, Plaintiff D█████
21 G██████ sustained injuries to his health, strength, and activity, all of which have caused, and
22 continue to cause Plaintiff D█████ G██████ great mental, physical and nervous pain and
23 suffering. Plaintiffs will seek leave of Court to amend this Complaint, to set forth the full amount
24 of damage sustained as a result thereof.
25     53.    As a further proximate result of the representation of Defendants and each of them,
26 Plaintiffs sustained and will continue to sustain, disabling serious and permanent physical
27 injuries, all to Plaintiffs general damages in an amount presently unascertainable. Plaintiffs will
28 seek leave of Court to amend this Complaint, to set forth the full amount of damage sustained as a

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

result thereof.

54. As a further proximate result of the representation of Defendants, and each of them, Plaintiff D▮▮▮ G▮▮▮, has incurred medical, hospital and related expenses in a sum presently unascertainable. Plaintiffs will seek leave of Court to amend this Complaint to set forth the full amount of damages when ascertained.

55. As a further proximate result of the representations of Defendants, and each of them Plaintiff D▮▮▮ G▮▮▮, Plaintiff will in the future incur medical, hospital, and related expenses, the exact nature and extent of which are currently unknown to Plaintiffs.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (BY PLAINTIFF MARIA FAJARDO
### AGAINST CHC PROVIDENCE HOLY CROSS MEDICAL CENTER AND DOES 1 TO 100 ("DEFENDANTS")

56. Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every part thereof, of this Complaint, with the same force and effect as though set forth at length herein.

57. Plaintiffs D▮▮▮ G▮▮▮ was the minor child of Plaintiff Maria Fajardo.

58. As alleged above, and as a result of the conduct of the Defendants, Plaintiff Maria Fajardo sustained severe injuries when she was not informed of the change of medication regiment in her son's treatment for acute lymphoblastic leukemia.

59. Plaintiff, Maria Fajardo, was charged with responsibility of caring for and administering the medications necessary for the treatments of her son's acute lymphoblastic leukemia. On a regular basis, Maria and her son would visit Children Hospital Los Angeles, where she would be provided with calendar that had a scheduled breakdown of medications and when said medications were to be administered to her son D▮▮▮.

60. On July 15, 2019, however, there was a change in medication to the regular regiment of drugs to be administered without informing the Patient nor his him mother of the changes.

61. The new medication is called pneumocystis prophylaxis. When Plaintiff, Maria,

Pg. - 11 -
**COMPLIANT FOR DAMAGES**

EXHIBIT 1    14

1 saw this medication of the list, she conducted an internet search, out of all due caution and
2 prudence, to find out what it was. Upon conducting the internet search, as is commonly done, she
3 found websites that said that this medication was for persons who are infected with HIV.

62. This shocking revelation led Maria Fajardo to suspect that her son, somehow, was infected the HIV virus and that this fact was being withheld from her.

63. Given that Maria Fajardo already had good reason not to have full confidence in the medical providers because of the misdiagnosis of her son's acute lymphoblastic leukemia, it was reasonable for her to conclude that her son was infected with HIV and that that fact was not disclosed to her, as the mother, guardian and caretaker of D■■ G■■.

64. Later, Plaintiff learned, that the medicine pneumocystis prophylaxis is prescribed to patients with compromised immune systems like her son's, because of his treatment for acute lymphoblastic leukemia.

65. As a direct and proximate result of the aforementioned failure to disclose, Plaintiff suffered severe emotional distress.

66. As a direct and proximate result, Plaintiff suffered general damages to her mind to the extent to be proved at trial.

## JURY TRIAL DEMAND

67. Plaintiffs demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief, to be determined by a jury, as follows: For all causes of action.

1. General damages in a sum in excess of the jurisdictional requirements of this Court;
2. Medical and incidental expenses according to proof at the time of trial;
3. For all costs and disbursements incurred in this suit;
4. Future medical expenses and related expenses according to proof;
5. For prejudgment and post judgment interest according to law;

Pg. - 12 -
**COMPLIANT FOR DAMAGES**

EXHIBIT 1                                                                 15

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

6. For reasonable attorney's fees and costs incurred, as provided by law; and

7. All relief the Court deems proper and appropriate.

Law Offices of Everardo Vargas Valencia, APC

_____
Everardo Vargas Valencia, Esq.
Attorney for Plaintiffs,
D█████ G█████, A MINOR, THROUGH
MARIA FAJARDO, his GUARDIAN AD LITEM
and MARIA FAJARDO

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

Pg. - 13 -
**COMPLIANT FOR DAMAGES**

**EXHIBIT 1**     **16**

Dept. 58

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 131412 | FOR COURT USE ONLY |
|---|---|---|

NAME: Everardo Vargas Valencia, Esq.
FIRM NAME: Law Offices of Everardo Vargas Valencia
STREET ADDRESS: 601 S. Brand Blvd., Suite 200
CITY: San Fernando   STATE: CA   ZIP CODE: 91340
TELEPHONE NO.: 818.361.6662   FAX NO.: 818.361.8046
E-MAIL ADDRESS: attorney@laweverardovalencia.com
ATTORNEY FOR (Name): Pltf D▮▮▮ G▮▮▮, a Minor, through GAL Maria Fajardo, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: D▮▮▮ G▮▮▮, a Minor, through Maria Fajardo, his GAL, et al.
Defendant/Respondent: U.S. Department of Health and Human Services, et al.

**FILED**
Superior Court of California
County of Los Angeles
02/10/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: R. Lee, Deputy

**REQUEST FOR DISMISSAL**

CASE NUMBER: 20STCV20868

Electronically Received 02/10/2021 01:15 PM

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice   (2) [ ] Without prejudice
   b. (1) [ ] Complaint   (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name): _____ on (date): _____
   (4) [ ] Cross-complaint filed by (name): _____ on (date): _____
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other (specify):* 2nd Cause of Action for Negligence as to Dft. Children's Hospital Los Angeles ONLY

2. (Complete in all cases except family law cases.)
   The court [ ] did [x] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: February 10, 2021
Everado Vargas Valencia
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
(SIGNATURE)

** If a cross-complaint — or Response (Family Law) seeking affirmative relief — is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [✓] Dismissal entered as requested on (date): 02/16/2021
5. [ ] Dismissal entered on (date): _____ as to only (name): _____
6. [ ] Dismissal **not** entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date): _____
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed   [ ] means to return conformed copy

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 02/16/2021   Clerk, by R. Lee, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

EXHIBIT 1      17

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: D▮▮▮ G▮▮▮, a Minor, through Maria Fajardo, his GAL, et al.<br>Defendant/Respondent: U.S. Department of Health and Human Services, et al. | CASE NUMBER:<br>20STCV20868 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name)*:

2. The person named in item 1 is *(check one below)*:
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*:   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____    ▶   _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)              (SIGNATURE)

**PROOF OF SERVICE -- §1013a CODE OF CIVIL PROCEDURE,
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 1230 Rosecrans Avenue, Suite 450, Manhattan Beach, California 90266.

On, **February 10, 2021** I served the foregoing document described as **REQUEST FOR DISMISSAL** on all interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **By Mail** I caused such envelope to be deposited in the mail at Manhattan Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **By E-mail** The above-described document(s) were sent by e-mail transmission to the E-mail addresses listed on the attached service list.

☐ **By Express Mail** I caused such envelope to be deposited in the mail at Manhattan Beach, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☐ **By Overnight Delivery** I caused such envelope to be sent via overnight delivery service. The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

☐ **By Personal Service** I delivered such envelope by hand to the offices of the addressee(s).

☒ **State** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **Federal** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on **February 10, 2021** at Manhattan Beach, California.

*Chris Cameron*
CHRIS M. CAMERON

1                                                                                                    6116-0249

**EXHIBIT 1**                                                                                  19

## GARCIA v. CHILDREN'S HOSPITAL LOS ANGELES

LASC Case No.: 20STCV20868

## SERVICE LIST

| | |
|---|---|
| Everardo Vargas Valencia, Esq.<br>Vadim Feldshtein, Esq.<br>LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC<br>601 S. Brand Blvd., Suite 100<br>San Fernando, CA 91340<br>Tel: 818-361-6662<br>Fax: 818-361-8046<br>attorney@laweverardovalencia.com<br>prelit@laweverardovalencia.com | ATTORNEYS FOR PLAINTIFFS |