1  TRACY L. WILKISON
   Acting United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, General Civil Section
5  JENNIFER R. JACOBS (Cal. Bar No. 157609)
   Assistant United States Attorney
6         Federal Building, Suite 7516
          300 North Los Angeles Street
7         Los Angeles, California 90012
          Telephone: (213) 894-6167
8         Facsimile: (213) 894-7819
          E-mail: Jennifer.jacobs3@usdoj.gov
9
   Attorneys for UNITED STATES OF AMERICA
10

11              UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13
   DIEGO GARCIA, A MINOR.,              No. 2:21-cv-02122-SB-MRW
14 THROUGH MARJA FAJARDO, his
   GUARDIAN AD LITEM and MARIA          NOTICE OF MOTION AND MOTION TO
15 FAJARDO,                             DISMISS PLAINTIFF'S COMPLAINT,
                                        OR, IN THE ALTERNATIVE, FOR
16         Plaintiffs                   SUMMARY JUDGMENT

17         v.                           [Filed concurrently with Defendant's
                                        Statement of Uncontroverted Facts and
18 UNITED STATES OF AMERICA;            Conclusions of Law and Declaration of Lisa
   CHILDRENS HOSPITAL LOS               Datta.]
19 ANGELES; PROVIDENCE HOLY
   CROSS MEDICAL CENTER; DR.            DATE:   Friday, May 21, 2021
20 MENDEZ, M.D.; and DOES 1 through     TIME:   8:30 a.m.
   100, inclusive,                      CTRM:   6C (1st Street Courthouse)
21
           Defendants.                  Honorable Stanley Blumenfeld, Jr.
22                                      United States District Judge

23

24

25

26

27

28

                              1

1

## **<u>TABLE OF CONTENTS</u>**

2    MEMORANDUM OF POINTS AND AUTHORITIES……………………………………1

3    I.     INTRODUCTION ..................................................................................1

4    II.    FACTUAL BACKGROUND...................................................................2

5    III.   PROCEDURAL BACKGROUND .........................................................2

6    IV.   LEGAL STANDARD ...........................................................................3

7           A.     Legal Standard Governing Rule 12(b)(6) Motions ....................................3

8           B.     Legal Standard Governing Rule 56 Motions for Summary Judgment .........5

9    V.     ARGUMENT......................................................................................6

10          A.     Plaintiff's claim against the United States is barred by the FTCA's six-month statute of limitations in 28 U.S.C. § 2401(b). ...........................6

11

12          B.     Plaintiff cannot allege an equitable tolling defense because he cannot show that "extraordinary circumstances" stood in his way. ........................8

13    VI.   CONCLUSION...................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**Cases**

4
*Adams v. United States,*
5
   658 F.3d 928 (9th Cir. 9011) ..........................................................................6
*Alonzo v. United States,*
6
   No. 1:17-cv-539-LJO-SKO, 2017 WL 3264010 (E.D. Cal. Aug. 1, 2017) ........6
7
*Arriaga v. U.S. Border Patrol,*
   No. 09CV0595-LAB (JMA), 2009 WL 10671313 (S.D. Cal. Oct. 19, 2009) ......8
8
*Ashcroft v. Iqbal,*
9
   556 U.S. 662 (2009)......................................................................................3, 4
*Baldwin Cty. Welcome Ctr. v. Brown,*
10
   466 U.S. 147 (1984)...........................................................................................8
11
*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)...........................................................................................3
12
*Berti v. V.A. Hospital,*
13
   860 F.2d 338 (9th Cir. 1988) ............................................................................7
*Branch v. Tunnell,*
14
   14 F.3d 449 (9th Cir. 1994) ..............................................................................4
15
*Cedars-Sinai Med. Ctr. v. Shalala,*
   177 F.3d 1126 (9th Cir. 199) ............................................................................5
16
*Daniels–Hall v. Nat'l Educ. Ass'n,*
17
   629 F.3d 992 (9th Cir. 2010) ............................................................................4
*Erickson v. Pardus,*
18
   551 U.S. 89 (2007).............................................................................................3
19
*Forbes v. United States,*
   996 F.2d 1224 (9th Cir. 1993) ..........................................................................5
20
*Galbraith v. County of Santa Clara,*
21
   307 F.3d 1119 (9th Cir. 2002) ..........................................................................4
*Hardage v. CBS Broad., Inc.,*
22
   427 F.3d 1177 (9th Cir. 2005) ..........................................................................5
23
*Harris v. Amgen, Inc.,*
   770 F.3d 865 (9th Cir. 2014) ............................................................................5
24
*Harris v. Rand,*
25
   682 F.3d 846 (9th Cir. 2012) ............................................................................3
*In re Apple Computer Sec. Litig.,*
26
   886 F.2d 1109 (9th Cir. 1989)...........................................................................5
27

28
*In re Oracle Corp. Sec. Litig.,*

627 F.3d 376 (9th Cir. 2010)……………………………………………………..5

*Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)........................................................................5

*Irwin v. Dep't of Veterans Affairs*,
   498 U.S. 89 (1990)...........................................................................8

*James v. United States*,
   No. C 09-5149 MEJ, 2010 WL 3789310 (N.D. Cal. Sept. 22, 2010) ...........................6

*Jones v. Bock*,
   549 U.S. 199 (2007)..........................................................................5

*Journey v. United States*,
   316 F. App'x 670 (9th Cir. 2009) ...........................................................6

*Kennedy v. U.S. Postal Serv.*,
   145 F.3d 1077 (9th Cir. 1998) ..............................................................7

*Lance v. United States*,
   70 F.3d 1093 (9th Cir. 1995) ...............................................................6

*Lehman v. United States*,
   154 F.3d 1010 (9th Cir. 1998) ..............................................................7

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ...............................................................4

*Menominee Indian Tribe of Wisconsin v. United States*,
   577 U.S. 250 (2016)........................................................................8

*Nelmida v. Shelly Eurocars, Inc.*,
   112 F.3d 380 (9th Cir. 1996) ...............................................................8

*Rivera v. Peri & Sons Farms, Inc.*,
   735 F.3d 892 (9th Cir. 2013) ...............................................................5

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ...............................................................4

*Staple v. United States*,
   740 F.2D 766 (9th Cir. 1984)...............................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)........................................................................4

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ...............................................................4

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ..............................................................4

*Woods v. United States*,
   720 F.2d 1451(9th Cir. 1983) ..............................................................6

*Wright v. City of Santa Cruz*,
   No. 13-cv-1230, 2014 WL 3058470 (N.D. Cal. July 3, 2014)....................................4

TO: THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

iii

1  OF CALIFORNIA AND TO THE PARTIES, BY AND THROUGH THEIR COUNSEL
2  OF RECORD:

3      NOTICE IS HEREBY GIVEN that Defendant United States of America will bring
4  for hearing a motion to dismiss Plaintiff's Complaint, or, in the alternative, for summary
5  judgment, before the Honorable Stanley Blumenfeld, Jr., United States District Judge, at
6  the U.S. Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom
7  6C, on Friday, May 10, 2021, at 8:30 a.m.

8      This motion is made pursuant to Rules 12(b)(6) and 56 of the Federal Rules of
9  Civil Procedure on the grounds the Complaint fails to state a claim upon which relief
10 may be granted, or, alternatively, that there are no material factual disputes and, as a
11 matter of law, Defendant is entitled to summary judgment on the grounds Plaintiff did
12 not initiate this action within six months of agency denial of her claim as required by the
13 Federal Tort Claims Act (28 U.S.C. § 2401(b)). This motion is based upon this Notice;
14 the attached Memorandum of Points and Authorities; the concurrently filed Statement of
15 Uncontroverted Facts and Conclusions of Law and declaration of Lisa Datta with
16 supporting evidence; and all pleadings, records, and other documents on file with the
17 Court in this action; and upon such oral argument as may be presented at the hearing of
18 this motion.

19     This motion is made following the conference of counsel pursuant to Local Rule
20 7-3 which took place beginning on April 2, 2021.
21 / / /
22
23
24
25
26
27
28

1   Dated: April 15, 2021                          Respectfully submitted,

2                                                   TRACY L. WILKISON
                                                    Acting United States Attorney
3                                                   DAVID M. HARRIS
                                                    Assistant United States Attorney
4                                                   Chief, Civil Division
                                                    JOANNE S. OSINOFF
5                                                   Assistant United States Attorney
                                                    Chief, General Civil Section
6

7                                                     /s/ Jennifer R. Jacobs
                                                    JENNIFER R. JACOBS
8                                                   Assistant United States Attorney

9                                                   Attorneys for UNITED STATES OF
                                                    AMERICA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a medical malpractice case under the Federal Tort Claims Act (FTCA) involving medical care rendered by, *inter alia*, deemed federal employees of the United States Public Health Service pursuant to the Federally Supported Health Centers Assistance Act of 1992. 42 U.S.C. § 233(g). Defendant United States seeks to have Plaintiff D.G.'s ("Plaintiff") claims against it dismissed on the ground that he failed to file his complaint within six months of the denial of his claim, as required by the FTCA.[1]

Prior to filing suit, Plaintiff timely submitted a government claim to the United States Department of Health and Human Services ("HHS"). On May 13, 2020, HHS denied the claim. In a letter to Plaintiff's counsel dated the same date, HHS advised that if Plaintiff is dissatisfied with the denial he could "file suit against the United States in the appropriate federal district court within six (6) months . . . ."

However, instead of filing suit against the United States in federal district court, Plaintiff filed a lawsuit against HHS, the deemed federal employees (Northeast Valley Health Corporation, Mary Ellen Wakim, M.D. and Jocelyn Singh, N.P.) and various non-federal medical providers in *state* court.[2] On March 9, 2021, the United States removed the case to the United States District Court, and on March 12, 2021, the United States filed a notice substituting itself for the deemed federal employees. (ECF 1, 6.)

Thus, because Plaintiff failed to file his Complaint within six months of mailing of agency notification denying his administrative claim, as required by the FTCA, the Court should dismiss Plaintiff D.G.'s claims against the United States on the grounds they are time-barred.

---

[1]Plaintiff Maria Fajardo, D.G.'s mother (Compl., ¶ 57), asserts a cause of action for negligent infliction of emotional distress (Third Cause of Action, Compl., ¶¶ 56-66) against Defendant Providence Holy Cross Medical Center based on allegations of not being informed of a change in D.G.'s medication regimen. As such, only Plaintiff D.G. asserts claims against the United States.

[2]Plaintiff filed a notice of voluntary dismissal of HHS on March 17, 2021. (ECF 9.)

## II.    FACTUAL BACKGROUND

This case arises out of treatment Plaintiff D.G. received at a federally-funded medical clinic, Northeast Valley Health Corporation ("NVHC"), and other non-federal medical facilities. (Def.'s Statement of Uncontroverted Facts ["SUF"] 1.) NVHC is a U.S. federally-funded medical clinic under Sections 254b, 254c, 256 and/or 256a of the Public Health Services Act, and is subject to the Federal Tort Claims Act. (SUF 2.) Mary Ellen Wakim, M.D. and Jocelyn Singh, N.P., were employees of NVHC, and acting within the scope of their employment as deemed employees of the Public Health Service of the United States at all times material to the incidents alleged in the Complaint. (SUF 3.)

Plaintiff contends NVHC, Wakim and Singh provided negligent medical care sometime between March and November 2018. (SUF 4.) Plaintiff alleges in his Complaint that the various defendants negligently diagnosed him with childhood rheumatoid arthritis, and that he was not correctly diagnosed with acute lymphoblastic leukemia until November 2018. (Compl, ¶¶ 29-38.) Plaintiff alleges such negligence resulted in unspecified injuries and damages. (*Id.*, ¶¶ 41-46.)

## III.    PROCEDURAL BACKGROUND

In June 2019, Plaintiff submitted a government claim to the Department of Justice, which was forwarded to HHS. (SUF 5.) On May 13, 2020, HHS denied the claim and sent notice of the denial to Plaintiff's counsel via Certified U.S. mail. (SUF 6.) In its denial letter, HHS advised Plaintiff that if he was not satisfied with HHS's determination, he had six months from the date of the denial letter to file suit against the United States in federal district court. (SUF 7.) Plaintiff's counsel received the denial letter on May 19, 2020. (SUF 8.)

On June 3, 2020, Plaintiff filed a complaint in the Superior Court of the State of California against HHS, NVHC, Dr. Wakim, NP Singh and various non-federal medical

2

providers and entities.[3] (SUF 9.)

On March 5, 2021, the Attorney General's designee certified that NVHC, as a public or nonprofit private entity receiving Federal funds under Sections 254b, 254c, 256 and/or 256a of the Public Health Services Act, and Defendants Mary Ellen Wakim, M.D. and Jocelyn Singh, N.P., as employees of NVHC, were acting within the scope of their employment as deemed employees of the Public Health Service of the United States at all times material to the incidents alleged in the Complaint. (ECF 1-2.) On March 9, 2021, the United States removed the case to the United States District Court. (ECF 1.) On March 12, 2021, the United States filed a Notice of Substitution, substituting the United States for Defendants NVHC, Dr. Wakim and NP Singh. (ECF 6.) On March 17, 2021, Plaintiff dismissed HHS. (ECF 9.) On March 22, 2021, this Court issued an order correcting the caption to insert the United States in place and instead of NVHC, Dr. Wakim and NP Singh. (ECF 10.)

## IV.   LEGAL STANDARD

### A.   Legal Standard Governing Rule 12(b)(6) Motions

The Federal Rules of Civil Procedure govern the sufficiency of a pleading in federal actions. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain factual allegations that plausibly show the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 678 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679-680 (2009). "The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Twombly*, 550 U.S. at 558-559.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94

---

[3] A certified copy of the state court complaint was filed in connection with the United States' notice of removal. (ECF 1-1.)

1    (2007). However, the presumption of truth does not apply to conclusory allegations,

2    legal assertions couched as a factual allegation or mere restatements of the elements of a

3    claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680-81 (2009). Furthermore, courts are not

4    bound to "accept as true allegations that contradict matters properly subject to judicial

5    notice or by exhibit. Nor is the court required to accept as true allegations that are merely

6    conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

7    *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), amended on

8    other grounds, 275 F.3d 1187 (9th Cir. 2001).

9         "A court may, however, consider certain materials—documents attached to the

10   complaint, documents incorporated by reference in the complaint, or matters of judicial

11   notice—without converting the motion to dismiss into a motion for summary judgment."

12   *United States v. Ritchie*, 342 F.3d 903, 907–908 (9th Cir. 2003); *see also Tellabs, Inc. v.*

13   *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other

14   sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

15   particular, documents incorporated into the complaint by reference, and matters of which

16   a court may take judicial notice"); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)

17   (noting that a court may consider a document whose contents are alleged in a complaint,

18   so long as no party disputes its authenticity), overruled on other grounds by *Galbraith v.*

19   *County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

20        Additionally, "[a] court may consider evidence on which the complaint

21   'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

22   central to the plaintiff's claim; and (3) no party questions the authenticity of the copy

23   attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006);

24   *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003). "The

25   court may treat such a document as part of the complaint, and thus may assume that its

26   contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Daniels–Hall*

27   *v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations omitted); *see*

28   *also Wright v. City of Santa Cruz*, No. 13-cv-1230, 2014 WL 3058470, at *4–6

4

1  (N.D. Cal. July 3, 2014) (considering administrative tort claim referenced in but not

2  attached to complaint in granting Rule 12(b)(6) motion).

3       An affirmative defense like the statute of limitations is a proper basis for dismissal

4  under Rule 12(b)(6) when it is "'clearly indicated' and 'appear[s] on the face of the

5  pleading.'" *Harris v. Amgen, Inc.*, 770 F.3d 865, 883 (9th Cir. 2014); *Rivera v. Peri &*

6  *Sons Farms, Inc.,* 735 F.3d 892, 902 (9th Cir. 2013), citing *Cedars-Sinai Med. Ctr. v.*

7  *Shalala*, 177 F.3d 1126, 1128-1129 (9th Cir. 1999); *see also Jones v. Bock*, 549 U.S.

8  199, 215 (2007) ("If the [complaint's] allegations . . . show that relief is barred by the

9  applicable statute of limitations, the complaint is subject to dismissal for failure to state a

10  claim . . . ."). Accordingly, courts routinely dismiss FTCA claims as time-barred on Rule

11  12 motions. *See Forbes v. United States*, 996 F.2d 1224 (9th Cir. 1993) (affirming Rule

12  12(b)(6) dismissal of FTCA claim as time-barred).

13       **B.**    **Legal Standard Governing Rule 56 Motions for Summary Judgment**

14       Federal Rule of Civil Procedure 56(c) provides for summary judgment when there

15  is no genuine issue as to any material fact and the moving party is entitled to judgment as

16  a matter of law. The purpose of summary judgment is to "pierce the pleadings and to

17  assess the proof . . . to see whether there is a genuine need for trial." *Matsushita Elec.*

18  *Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

19       A plaintiff must adduce evidence "sufficient to support a verdict in his favor on

20  every element of his claim for which he will carry the burden of proof." *In Re Apple*

21  *Computer Sec. Litig.*, 886 F.2d 1109, 1113 (9th Cir. 1989). "This burden is not a light

22  one"—a plaintiff "must do more than show there is some 'metaphysical doubt' as to the

23  material facts"; he must adduce "specific facts demonstrating the existence of genuine

24  issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010);

25  *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005) ("If the evidence is

26  merely colorable, or is not significantly probative, summary judgment may be granted.")

27

28

1  **V.    ARGUMENT**

2      **A.    Plaintiff's claim against the United States is barred by the FTCA's six-**

3          **month statute of limitations in 28 U.S.C. § 2401(b).**

4      Any claim under the FTCA "shall be forever barred unless it is presented in

5  writing to the appropriate Federal agency within two years after such claim accrues or

6  unless action is begun within six months after the date of mailing, by certified or

7  registered mail, of final denial of the claim by the agency to which it was presented." 28

8  U.S.C. § 2401(b). If a plaintiff fails to file suit in federal district court within six months

9  of notification of denial by the agency, then the claim is time-barred. *See*, *e.g.*, *Adams v.*

10 *United States*, 658 F.3d 928, 935 (9th Cir. 9011) (holding that plaintiffs' FTCA claims

11 were barred by statute of limitations because they were filed six months and one day

12 after the Bureau of Labor Management mailed its denial letter); *Journey v. United States*,

13 316 F. App'x 670, 670-71 (9th Cir. 2009) (affirming dismissal of plaintiff's claim

14 alleging that Department of Veterans Affairs mishandled his medical care because it was

15 not brought within six months of agency denial); *Alonzo v. United States*, No. 1:17-cv-

16 539-LJO-SKO, 2017 WL 3264010, *1 (E.D. Cal. Aug. 1, 2017) (granting defendants'

17 motion for summary judgment on grounds that plaintiffs did not file FTCA claim within

18 six months of their administrative tort claim being denied by HHS); *James v. United*

19 *States*, No. C 09-5149 MEJ, 2010 WL 3789310, *6 (N.D. Cal. Sept. 22, 2010) (finding

20 that plaintiff forfeited his tort claim against the United States because he filed his claim

21 eight days after the six-month deadline).

22      The United States is the only proper defendant in an action brought under the

23 FTCA. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v.*

24 *United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983)). The United States filed a

25 certification pursuant to 42 U.S.C. § 233(c) that NVHC, Wakim and Singh were acting

26 within the scope of their employment as deemed employees of the Public Health Service

27 of the United States at all times material to the incidents alleged in the Complaint. (ECF

28 1-2.) Plaintiffs have not challenged this certification. Indeed, the allegations of the

6

1    Complaint are in accord with the certification. (Compl. (ECF 1-1), ¶¶ 6-7, 12.)

2         The remedy against the United States is the sole and exclusive remedy against the

3    United States for negligence, personal injury or wrongful acts of federal employees

4    acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Thus, the federal

5    employee defendants, including NVHC, Wakim and Singh, are not proper parties to the

6    tort claims permissible under the FTCA in Plaintiff's Complaint. NVHC, Wakim and

7    Singh have been conclusively replaced by the United States, the only proper defendant in

8    this case. The Court cannot dismiss or remand claims against individuals who are not

9    defendants to the action. *See*, *e.g.*, *Elliott v. Telerico*, No. 15-3156 WHO, 2014 WL

10   4130755, *3 N.D. Cal. July 8, 2015) (citing *Kennedy v. U.S. Postal Serv.*, 145 F.3d

11   1077, 1078 (9th Cir. 1998)) ("[T]he only proper party defendant in an FTCA action is

12   the United States.")

13        Plaintiff's Complaint is time-barred because he did not initiate his action against

14   the United States in district court until after the six-month deadline had passed.

15   Notification of final agency action was mailed on May 13, 2020. (SUF 6.) Plaintiff

16   makes no assertion that the six-month limitations period should have begun to run on the

17   date he received the notification (May 19, 2020, SUF 8) as opposed to the date it was

18   mailed (May 13, 2020). However, even if he did, the plain language of § 2401(b) states

19   that the clock begins to run on the "date of mailing." 28 U.S.C. § 2401(b); *see also*

20   *Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) ("When an agency

21   properly mails a notice of final denial, the six-month statute of limitations, 28 U.S.C.

22   § 2401(b), begins to run."); *Berti v. V.A. Hospital*, 860 F.2d 338, 340 (9th Cir. 1988)

23   (holding that actual notice of the agency's denial of the claim is not required to initiate

24   the six-month limitations period for filing suit).

25        Based on the mailing of notice of the final denial on May 13, 2020, Plaintiff had

26   until November 13, 2020, to initiate an action against the United States in federal district

27   court. However, no action was initiated against the United States until it was substituted

28   as the defendant on March 12, 2021. (ECF 6.)

1    Plaintiff's claim against the United States is not tolled by his filing of a state court
2    action against NVHC, Wakim and Singh. *Arriaga v. U.S. Border Patrol*, No.
3    09CV0595-LAB (JMA), 2009 WL 10671313, *1 (S.D. Cal. Oct. 19, 2009) (concluding
4    no tolling on facts almost identical to those in the instant case). The court in *Arriaga*
5    distinguished *Staple v. United States*, 740 F.2D 766 (9th Cir. 1984), where the plaintiff
6    filed her state case *before* she filed her government claim but timely filed her federal
7    action once her administrative claim was denied, on the basis that Arriaga was on notice,
8    as set forth in the Government's denial letter, of the need to file a federal suit against the
9    United States within six months but nonetheless ignored the notice and filed in state
10   court against the individual defendants. *Arriaga*, 2009 WL 10671313, *3.

11       Thus, as in *Arriaga*, Plaintiff D.G.'s claims against the United States are time-
12   barred pursuant to the six-month statute of limitations in 28 U.S.C. § 2401(b).

13   **B.    Plaintiff cannot allege an equitable tolling defense because he cannot**
14   **show that "extraordinary circumstances" stood in his way.**

15       A plaintiff who seeks equitable tolling for an FTCA claim bears the burden of
16   showing *both* of the following: (1) that he has been pursuing his rights diligently, and (2)
17   that some extraordinary circumstances stood in her way. *Menominee Indian Tribe of*
18   *Wisconsin v. United States*, 577 U.S. 250, 255-256 (2016). The second prong is met
19   "only where the circumstances that caused a litigant's delay are both extraordinary and
20   beyond [his] control." *Id.* This standard is very high. *See Irwin v. Dep't of Veterans*
21   *Affairs*, 498 U.S. 89, 96 (1990) (holding that "a garden variety claim of excusable
22   neglect" is not enough to show equitable tolling); *Baldwin Cty. Welcome Ctr. v. Brown*,
23   466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining
24   access to the federal courts are not to be disregarded by courts out of a vague sympathy
25   for particular litigants."); *Lehman*, 154 F.3d at 1016 (finding that government lawyer's
26   failure to explain to opposing counsel that lawsuit would have to be re-filed within two
27   years if voluntarily dismissed for medical reasons to be insufficient grounds for equitable
28   tolling); *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384-386 (9th Cir. 1996)

8

(affirming rejection of equitable tolling argument where plaintiff did not diligently pursue her claim by filing suit on time).

In his Complaint, Plaintiff makes no attempt to raise an equitable tolling defense, nor could he. Plaintiff was clearly aware of the federal status of NVHC, Wakim and Singh based on the fact Plaintiff timely submitted a government claim, as well as the fact he alleged their federal status in his Complaint. (SUF 5; Compl. (ECF 1-1), ¶¶ 6-7, 12.) Further, HHS in its denial letter clearly instructed that suit had to be commenced "against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b))." (SUF 7.) Despite the foregoing, Plaintiff inexplicably failed to commence a lawsuit against the United States in federal district court within six months of the denial of his claim.

In summary, Plaintiff's Complaint contains no allegations that would evidence an attempt to save it from the statute of limitations bar in § 2401(b) and the undisputed facts show that his Complaint was untimely.

## VI.   CONCLUSION

Accordingly, the United States respectfully requests that the Court grant the United States' motion and enter judgment in its favor and against Plaintiff D.G.

Dated: April 15, 2021

TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


*/s/--Jennifer R. Jacobs*

_____

JENNIFER R. JACOBS
Assistant United States Attorney

Attorneys for Defendant
United States of America